This is an application for mandamus filed by a petitioner who is incarcerated under state court judgment. The petitioner is deemed insolvent for all purposes here and in the trial court.
The petitioner has requested this court’s assistance in the procurement of copies of capias, judgment, and sentence. These documents are presumptively on file with the clerk of the trial court.
The petitioner has filed a motion to have the transcript of the sentencing proceedings transcribed and provided to him. The trial court evidently has not ruled upon this application. The petitioner obviously wants to file a collateral attack to the sentence imposed upon him by the trial court. The petitioner has the obligation to file a motion for such relief pursuant to Florida Rule of Criminal Procedure 3.850 pleading ultimate facts demonstrating why the sentence is illegal. At that point, it will be incumbent upon the trial court to determine the legal sufficiency of the pleading and if insufficient it may be denied without any *197 hearing. If the court determines that an answer is required) it will order the state attorney to do so. If the motion is facially sufficient but the files and papers and transcript show to the contrary, it will be incumbent upon the trial court to require the portions of the trial court record to be attached to any order which it enters. At this point, it appears that the petitioner’s request here and in the trial court is at best premature.
The application for mandamus is denied without prejudice.
BARKDULL, NESBITT and LEVY, JJ., concur.